UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME WESLEY STAR,

    Petitioner,                    Civil No. 2:06-CV-14205
                                          HONORABLE PAUL D. BORMAN
v.                                     UNITED STATES DISTRICT JUDGE

HAROLD WHITE,

    Respondent,
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Jerome Wesley Star, ("Petitioner"), presently confined at the Parnall Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his 2004 conviction for assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84. Petitioner also challenges the Michigan Parole Board's refusal to grant him parole on this conviction.[1] For the reasons stated below, the petition for writ of habeas corpus is dismissed in part with prejudice and in part without prejudice.

---

[1] Although Rule 2(d) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 requires that a habeas petitioner who seeks to attack the validity of the judgments of two or more state courts must do so by filing separate habeas petitions, Rule 2(d) does not require that petitioner bring his challenge to his underlying criminal conviction and his challenge to the Michigan Parole Board's decisions to deny him parole in separate petitions, because the Michigan Parole Board is not a state court and its decision to deny him parole was not a state court judgment within the meaning of that rule. *See e.g. Story v. Collins,* 920 F. 2d 1247, 1251 (5th Cir. 1991). The Michigan Parole Board does not act as a state court nor does it sentence or convict. *See Carmona v. Andrews,* 357 F. 3d 535, 539 (5th Cir. 2004). This Court has previously allowed a habeas petitioner to challenge his underlying conviction and the Michigan Parole Board's decision to deny him parole on that conviction in a single habeas petition. *See Johnson v. Tyszkiewicz,* 2001 WL 278172 (E.D. Mich., Feb 28, 2001).

1

## I. Background

Petitioner pleaded no contest to the above offense in the Wayne County Circuit Court.  On February 27, 2004, petitioner was sentenced to eighteen months to ten years in prison.  There is no indication that petitioner ever appealed his conviction to the Michigan Court of Appeals or to the Michigan Supreme Court.

Petitioner has been denied parole release by the Michigan Parole Board on two occasions for this offense, most recently on January 30, 2006.  By his own admission, petitioner has failed to challenge the Parole Board's decision in the state courts.

## II. Discussion

The instant petition is subject to summary dismissal for two separate reasons.

First, the petition for writ of habeas corpus must be dismissed without prejudice because there is no indication by petitioner that he exhausted his state court remedies with respect to the assault with intent to do great bodily harm conviction that he is challenging in his petition.

A state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  A prisoner confined pursuant to a Michigan conviction must raise each habeas

issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner has failed to allege or to prove that he has exhausted his claims regarding his conviction. Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). In the present case, the instant petition is subject to dismissal, because petitioner has failed to allege or indicate in his petition that he has exhausted his state court remedies with respect to his criminal conviction. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). In addition, this Court has reviewed the Michigan Court of Appeals' internet website and there is no indication of any appeal ever having been filed by petitioner in this case or any other case. [2] A search of Westlaw online has also failed to reveal any cases filed by petitioner in the Michigan Court of Appeals or the Michigan Supreme Court.

---

[2] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

The only reference made by petitioner to the exhaustion issue is his mention of the fact that parole decisions are not reviewable by the judiciary in Michigan. An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

Petitioner is not exempt from the exhaustion requirement regarding his underlying conviction. Regardless of whether petitioner does not have a state court remedy with which to challenge his parole denials, petitioner does have a remedy to challenge his criminal conviction. In 1994 the Michigan constitution was amended by voter initiative and now provides that criminal defendants who have pleaded guilty or no contest to a crime can appeal only by leave of court. *See* Mich. Const. art. 1, § 20 (1994). Because petitioner pleaded no contest, he could not appeal his conviction by right, but he can appeal by leave of the Michigan Court of Appeals pursuant to M.C.R. 7.205. *See Halbert v. Michigan,* 125 S. Ct. 2582, 2588 (2005).

Under M.C.R. 7.205(F)(3), petitioner had twelve months after his sentence to file a delayed application for leave to appeal. Because petitioner was sentenced on February 27, 2004, the time for him to seek direct appellate review of his case appears to have expired. This does not mean, however, that petitioner does not have an available state

court remedy with which to exhaust his claim.

First, the U.S. Supreme Court ruled last year that a defendant who pleads guilty or no contest in Michigan has a right to the assistance of appellate counsel on his first-tier appeal with the Michigan Court of Appeals. *Halbert v. Michigan,* 125 S. Ct. at 2586. Michigan courts have not yet decided whether *Halbert* will be applied retroactively *People v. Houlihan,* 474 Mich. 958; 706 N.W. 2d 731 (2005). Petitioner has, in fact, attached an undated letter to his habeas petition, in which he has requests the state trial court to reconsider its earlier denial of his request for the appointment of appellate counsel, in light of the Supreme Court's decision in *Halbert.* If the Michigan courts decide that *Halbert* should have retroactive application, petitioner may be able to get his direct appeal reinstated by the Michigan courts with the assistance of appellate counsel.

Petitioner could also exhaust his claims involving his underlying conviction and sentence in the state courts by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). A defendant's criminal conviction is reviewable in accordance with M.C.R. 6.500 *et. seq.* when the time limitation for filing an application for leave to appeal has expired. *See People v. Caston*, 228 Mich. App. 291, 297-98; 579 N.W. 2d 368 (1998).

Because petitioner has failed to exhaust his claims regarding his underlying

5

conviction with the state courts and has available state court remedies with which to exhaust these claims, this portion of his habeas petition shall be dismissed without prejudice.

The Court will summarily dismiss petitioner's claims regarding the denial of parole because they fail to state a claim upon which relief can be granted. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's parole claims do not entitle him to habeas relief, such that this portion of his habeas petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

As an initial matter, petitioner acknowledges that he has yet to present his parole denial claims to the Michigan courts. However, in light of the fact that Michigan law does not permit a prisoner to appeal an adverse decision by the Michigan Parole Board, petitioner's failure to exhaust his parole denial claim with the state courts is excusable.

*See Jackson v. Jamrog,* 411 F. 3d 615, 618 (6th Cir. 2005).

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *See Jackson,* 411 F. 3d at 619; *See also Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).

In Michigan, a prisoner's release on parole is discretionary with the parole board. *Lee*, 76 F. Supp. 2d at 792 (citing to *In Re Parole of Johnson*, 235 Mich. App. 21; 596 N. W. 2d 202, 204 (1999)). The Michigan parole statute therefore does not create a right to be paroled. *Id.; See also Hurst v. Department of Corrections Parole Bd.*, 119 Mich. App. 25, 29; 325 N.W. 2d 615 (1982). Because the Michigan Parole Board has the discretion whether to grant parole, a prisoner does not have a protected liberty interest in being paroled prior to the expiration of his or her sentence. *Canales v. Gabry*, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994); *Hurst,* 119 Mich. App. at 28. M.C.L.A. 791.233, Michigan's parole statute, does not create a protected liberty interest in parole, because the statute does not place any substantive limitations on the discretion of the parole board through the use of particularized standards that mandate a particular result. *See Johnson v. Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004). Petitioner therefore does not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings. *Id.*

Therefore, where a prisoner has no state created liberty interest in being paroled, he or she may not challenge the procedures used to deny him or her parole. *Johnson,* 314 F. Supp. 2d at 713. Because petitioner had no protected liberty interest in parole, he has no right to expect the parole board to follow state procedural rules as a matter of federal due process. *Id.* Petitioner is therefore not entitled to habeas relief on his parole denial claims.

In summary, because petitioner's claims regarding his underlying criminal conviction have never been presented to any state court, these claims are dismissed without prejudice pending their exhaustion in the state courts. Petitioner's parole denial claims are dismissed with prejudice because they are non-cognizable on federal habeas review. *See e.g. U. S. ex rel. Bryant v. Vincent,* 373 F. Supp. 1180, 1185 (S.D.N.Y. 1974).

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims regarding his underlying conviction are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also Meyer v. Warren,* 2006 WL 2644991, * 3 (E.D. Mich. September 14, 2006).

### III.   Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. On the other hand, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition.

*Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

In the present case, this Court has determined that petitioner failed to exhaust his state court remedies with respect to the claims underlying his conviction. Petitioner is not entitled to a certificate of appealability with respect to these claims, because reasonable jurists would not find it debatable as to whether petitioner has exhausted his state court remedies. *See Henry v. Department of Corrections,* 197 F. 3d 1361, 1366 (11th Cir. 1999). Moreover, because petitioner does not have a protected liberty interest in being granted parole, he has failed to make a substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on his claims that he was wrongly denied parole. *See Heidelberg v. Illinois Prisoner Review Bd.,* 163 F. 3d 1025, 1025-27 (7th Cir. 1998).

The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.   ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** with respect to the claims arising from petitioner's 2004 conviction and sentence for assault with intent to do great bodily harm.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** regarding the Michigan Parole Board's decisions in 2005 and 2006 to deny petitioner release on parole.

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                    s/Paul D. Borman  
                                    PAUL D. BORMAN  
                                    UNITED STATES DISTRICT JUDGE

Dated: September 29, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 29, 2006.

                                    s/Denise Goodine  
                                    Case Manager